**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  CASE NO. 3:18-cr-13-J-25MCR

BRITTANY D. RUSHING
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Motion to Reopen Bond Hearing and Set Conditions of Release and Memorandum of Law ("Motion") (Doc. 63) and the United States' Memorandum in Opposition thereto ("Opposition") (Doc. 69).  For the reasons stated herein, the Motion is **DENIED**.

On October 16, 2018, Defendant was sentenced to a two-year term of probation for theft of Government property, which was set to expire on October 15, 2020.  (*See* Doc. 48.)  However, on December 18, 2018, the Court ordered the issuance of a warrant for Defendant's violation of the conditions of her supervision, including: illegal drug use, as evidenced by a positive urinalysis on October 16, 2018 and November 5, 2018; failure to report to the United States Probation Office on October 22, 2018, October 26, 2018, November 2, 2018, November 19, 2018, and November 26, 2018; failure to follow the probation officer's instructions on October 19, 2018, October 26, 2018, November 1, 2018, November 9, 2018, and November 19, 2018; failure to make special assessment payments between October 16, 2018 and December 7, 2018; and failure to make

restitution payments between October 16, 2018 and December 7, 2018. (Doc. 42.)

On January 7, 2020, a Superseding Petition for Warrant or Summons for Offender Under Probation was filed, which cited additional violations, including: uttering forged bills on November 7, 2019 and December 19, 2019; illegal drug use, as evidenced by a positive urinalysis on October 16, 2018 and November 5, 2018; failure to report to the United States Probation Office on October 22, 2018, October 26, 2018, November 2, 2018, November 19, 2018, and November 26, 2018; failure to follow the probation officer's instructions on October 19, 2018, October 26, 2018, November 1, 2018, November 9, 2018, and November 19, 2018; failure to make special assessment payments between October 16, 2018 and December 7, 2018; and failure to make restitution payments between October 16, 2018 and December 30, 2019. (Doc. 48 at 1-2.) The Court approved the January 7, 2020 Superseding Petition, which superseded the December 18, 2018 Petition. (*Id.* at 4.)

On March 10, 2020, Defendant was arrested for violating the conditions of her supervised release. (*See* Docs. 49, 50.) On March 13, 2020, the Court held a detention hearing and ordered Defendant detained pending her final revocation hearing, which is currently set for June 16, 2020.[1] (Docs. 56, 59, 66, 68.) In the

---

[1] Defendant is currently detained in the Bradford County Jail. The Government represents that there have been no confirmed cases of COVID-19 in this facility. (Doc. 69 at 2.)

Order of Detention Pending Final Revocation Hearing, the Court found that Defendant failed to establish by clear and convincing evidence that she was not likely to flee or that she did not pose a danger to the safety of any other person or the community. (Doc. 59 (citing Fed.R.Crim.P. 32.1(a)(6) and 18 U.S.C. § 3143(a)); Doc. 66 at 21.)

Defendant now moves for reconsideration of the Court's March 13, 2020 Order of Detention, arguing that her continued detention puts her at a heightened risk for contracting COVID-19 in light of her medical conditions, namely, hyperprolactinemia, pituary adenoma, and amenorrhea.[2] (*See* Doc. 63 at 1.) Defendant argues that in light of the global pandemic, the circumstances have changed since her March 13, 2020 detention hearing. (Doc. 63 at 4.) She also requests that her brother be appointed as a third-party custodian. (*Id.* at 2.)

The Government responds that Defendant has not shown that information exists that was unknown to her at the time of the detention hearing and that such information "has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of [Defendant] as required and the safety of any other person and the community." (Doc. 69 at 2-3 (citing 18 U.S.C. § 3142(f)).) The Government explains that at the time of the March 13, 2020 detention hearing, the rapid spread of the virus was well known, yet

---

[2] Defendant states that although she was prescribed cabergoline and ibuprofen, she is not receiving the first prescribed medication, and is also due for an exam with an endocrinologist. (Doc. 63 at 1.)

Defendant and her counsel never mentioned it and did not say anything about Defendant's health concerns. (Doc. 69 at 2-5.) Further, the Government argues that the recent spread of COVID-19 is not material to the pertinent question under the Bail Reform Act, namely, whether Defendant is a danger to the safety of others or a flight risk. (*Id.* at 5 (citing 18 U.S.C. § 3142(f)).) The Government states:

> COVID-19's ongoing presence in the United States has done nothing to undermine the Court's prior conclusions regarding [the] relevant statutory factors. The nature and circumstances of the defendant's underlying offense and probation violations have not changed, 18 U.S.C. § 3142(g)(1); the weight of the evidence against her remains nearly insurmountable, *see id.* § 3142(g)(2); the history of the defendant (including her five months as a fugitive) is unaltered, *see id.* § 3142(g)(3); and the nature and seriousness of any danger posed by her release are unaffected by the virus, *see id.* § 3142(g)(4). The defendant does not argue otherwise.

(*Id.* at 6.)

The Court agrees with the Government that the current pandemic does not provide a basis for reconsidering the Court's Order of Detention since it is not material to the statutory factors to be considered under 18 U.S.C. § 3142(g). *See United States v. Martin*, Crim. Case No. PWG-19-140-13, 2020 WL 1274857, *3 (D. Md. Mar. 17, 2020) ("[A]s concerning as the COVID-19 pandemic is, resolving an appeal of an order of detention must in the first instance be an individualized assessment of the factors identified by the Bail Reform Act, 18 U.S.C. § 3142(g) . . . ."); *United States v. Jefferson*, Crim. No. CCB-19-487, 2020 WL 1332011, *1 (D. Md. Mar. 23, 2020) (same). Here,

Defendant does not argue that the factors listed in 18 U.S.C. § 3142(g) are somehow affected by the global pandemic.

Further, Defendant's medical conditions were known to her at the time of the detention hearing, yet she failed to mention them.  Also, since there is no evidence that these conditions put Defendant at a greater risk of contracting the virus or of experiencing complications as a result thereof, the existence of these conditions fails to provide a basis for Defendant's release.  Therefore, based on the foregoing, Defendant has not shown adequate grounds for reopening the detention hearing or reconsidering the Court's Order of Detention.  See *Jefferson*, 2020 WL 1332011 at *1 (finding that "even taking into account Jefferson's medical condition [*i.e.*, asthma] and the COVID-19 outbreak, there remain no conditions or combination of conditions that would reasonably assure the safety of the community if Jefferson were released"); *Martin*, 2020 WL 1274857 at *4 (finding that defendant's asthma, high blood pressure, and diabetes were insufficient to rebut the Government's proffer that the correctional and medical staff were taking measures to protect detainees from exposure to COVID-19).

Defendant also requests that her brother be appointed as a third-party custodian.  However, this request was already considered and rejected at the March 13, 2020 detention hearing, considering that Defendant lived with her brother when she violated her probation.  Further, although the Court may permit Defendant's temporary release into the custody of an "appropriate person" for a

"compelling reason," 18 U.S.C. § 3142(i), Defendant does not seem to request a temporary release or to show a compelling reason therefor. Specifically, Defendant has not shown that her medical conditions constitute an "exceptional reason" justifying her release. *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (per curiam) (stating that "it is a rare case in which health conditions present an 'exceptional reason'" and collecting cases for the court's ultimate finding that defendant's lack of hearing and need for a wheelchair, among other considerations, did not require defendant's release until his sentencing hearing); *see also United States v. Birbragher*, No. 07-CR-1023-LRR, 2008 WL 1883504, *2-3 (N.D. Iowa Apr. 25, 2008) (finding no compelling reason to release defendant for an elective, out-patient gall bladder surgery at a hospital of his choice where the United States Marshal and the county jail administrator were ready, willing, and able to provide defendant with appropriate medical care).

Accordingly, it is **ORDERED:**

The Motion (**Doc. 63**) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida this 13th day of May, 2020.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:
Assistant United States Attorney (Coolican)
Assistant Federal Public Defender (Call)